IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,          )
                                   )
              Plaintiff,           )
                                   )
v.                                 )          No.  06-10095-01-WEB
                                   )
ADRIAN PLASCENCIA-GOMEZ,           )
                                   )
              Defendant.           )
                                   )

**Memorandum and Order**

This matter came before the court on the defendant's objection to the Presentence Report. The court ruled orally on the objection at the sentencing hearing of September 11, 2006.  This written memorandum will supplement the court's oral ruling.

The defendant's sole objection concerns the finding in ¶ 18 that his prior conviction for simple possession of cocaine (¶ 29) was an "aggravated felony" giving rise to an 8-level increase in offense level. USSG § 2L1.2(b)(1)(C).  Defendant argues that this conviction, although a felony under Kansas law, would not be considered a felony under the federal Controlled Substances Act, and it therefore does not qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43).  Defendant appears to concede that his argument is foreclosed by current Tenth Circuit law, but he wants to preserve the issue for purposes of appeal.[1]

Although there appears to be a split of authority on the issue, the Tenth Circuit would consider the defendant's felony conviction to be an aggravated felony within the meaning of §

---

[1] Defendant entered a conditional plea of guilty in this case which allows him to appeal the aggravated felony finding. *See* Doc. 10, ¶ 8.  As the plea agreement points out, the Supreme Court has granted certiorari in two cases involving the same or a similar issue. *Id*.

2L1.2. *See United States v. Cabrera-Sosa*, 81 F.3d 998, 1000 (10th Cir. 1996); K.S.A. § 65-4160(a).

*See also United States v. Toledo-Flores*, 149 Fed.Appx. 241, 2005 WL 1995615 (5th Cir., Aug. 17,

2005) (Congress made a deliberate policy decision to include as an aggravated felony a drug crime

that is a felony under state law but only a misdemeanor under the Controlled Substances Act),

*certiorari granted*, 126 S.Ct. 1652 (Apr. 3, 2006).  Unless the Supreme Court or the Tenth Circuit

rules otherwise, this court is required to find that the defendant's prior conviction is an aggravated

felony.

   *Conclusion*.

   Defendant's objection to the Presentence Report is DENIED.  The Probation Officer in

charge of this case shall see that a copy of this order is appended to any copy of the Presentence

Report made available to the Bureau of Prisons.

   IT IS SO ORDERED this  12th   Day of September, 2006, at Wichita, Ks.


                              s/Wesley E. Brown

                              Wesley E. Brown
                              U.S. Senior District Judge